**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 11-00012-KD |
| | ) | |
| LEROY WATERS, RAYFORD TRAVIS GOODWIN, JAMES ANTHONY GOINS, CHRIS VERNON and JEFF VERNON, | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

This action is before the Court on the motion to strike surplusage filed by Leroy Waters (doc. 150); motion to strike surplusage filed by Rayford Travis Goodwin (doc. 156); motion to strike surplusage, joinder and adoption filed by Jeff Vernon (doc. 167); joinder and adoption filed by James Anthony Goins (doc. 176); motion to strike surplusage and adoption filed by Chris Vernon (doc. 235); the Government's response (doc. 178); Jeff Vernon's reply (doc. 183); and Waters' adoption of Jeff Vernon's reply (doc. 189).

Upon consideration, the motions to strike surplusage are **DENIED** for the reasons set forth in the Government's response, with the exception of the motions to strike paragraphs 25, 26, and 27 which are **GRANTED**. Accordingly, for the reasons set forth herein, those paragraphs are stricken from the second superseding indictment.[1]

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The Court of Appeals for the Eleventh Circuit has explained that a two-part "exacting standard" must be applied when addressing a motion to strike surplusage from an indictment. *United States v. Brye*, 318 Fed. Appx. 878, 880 (11th Cir. 2009) (*quoting United*

---

[1] The motions to strike surplusage are directed toward the superseding indictment (doc. 15). Paragraphs 25, 26, and 27 remain the same in the second superseding indictment (doc. 256).

*States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992)). Motions to strike surplusage "should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" *Id*; *see United States v. Williams*, 2008 WL 4867748, * 3 (S.D. Fla. 2008) (holding that "even when prejudice can be shown, the Court should not strike the information contained in the indictment if it is relevant to the charged offense").

Paragraphs 25, 26, 27 contain statements which are prejudicial and not relevant at this point. In both the superseding indictment and the second superseding indictment, Ashley Sprinkle and Sherry Demouey are identified as "previously convicted individuals related to this case" and "not defendants". (doc. 256, p. 5-6). "To use one person's guilty plea or conviction as substantive evidence of the guilt of another is improper." *United States v. DeLoach*, 34 F. 3d 1001, 1004 (11th Cir. 1994) (citations omitted). This principle cannot be circumvented by simply including inadmissible evidence in the indictment.[2]

**DONE** and **ORDERED** this the 15th day of November, 2011.

>  **/s/ Kristi K. DuBose**
>  **KRISTI K. DuBOSE**
>  **UNITED STATES DISTRICT JUDGE**

---

[2] The Court is aware that the fact of conviction may become admissible evidence for a limited purpose. "Proper uses of a codefendant's guilty plea or conviction include impeachment of a testifying codefendant, bolstering or weakening a witness's credibility, and preventing a jury from concluding that a culpable co-defendant escaped prosecution. [However, a ] district court must caution the jury that the conviction of a co-defendant cannot be used to determine the guilt or innocence of the accused." *United States v. Aguilar*, 188 Fed. Appx. 897, 900 (11th Cir. 2006) (citing *DeLoach*, 34 F. 3d at 1004-1005).