**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Action No. 11-00012-KD |
| ) | |
| LEROY WATERS, et al., ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the defendant Leroy Waters' renewed motion to sever and or motion to sever offenses (doc. 333), the response filed by the United States (doc. 342) and Waters' reply (doc. 352). Upon consideration, and for the reasons set forth herein, the motion to sever offenses[1] is **GRANTED**. Counts Nineteen through Twenty-Three shall be severed and provided a new case number. Further, provided that defendant Waters files a speedy trial waiver on or before **December 29, 2011**, this severed action shall be set for trial sometime during the **March 2012** criminal trial term and is referred to the appropriate Magistrate Judge to schedule a pretrial conference in February 2012.

Statement of the law

Rule 8(a) of the Federal Rules of Criminal Procedure, provides for joinder of offenses and states that

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

---

[1] Waters' first motion to sever was denied (doc. 187, 281). In that motion, Waters joined with Chris and Jeff Vernon to sever all counts against all three. To the extent that Waters renews the motion to sever all counts naming the Vernons and/or Waters, that motion is DENIED.

Fed. R. Crim. P. 8(a).

The Rule also provides for joinder of defendants, and states that

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

> Rule 14(a) provides for severance of trial, and states that
>
> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Generally, defendants jointly indicted should be tried together, particularly in conspiracy cases. *See United States v. Castillo-Valencia*, 917 F.2d 494, 498 (11th Cir. 1990) (citations omitted). Also, Rule 8 is construed "broadly in favor of initial joinder." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993). However, if it appears that a defendant is prejudiced by the joinder of offenses or defendants, the court may grant a severance. Fed. R. Crim. P. 14(a). In that regard, the "trial judge [is] required to balance the prejudice to the defendant against the interests of judicial economy." *United States v. Benz*, 740 F.2d 903, 911 (11th Cir.1984), cert. denied, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985). Generally, to mitigate "spill over" prejudice, the courts should give a cautionary instruction and "[s]everance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative powers of such instructions." *United States v. Baker*, 432 F.3d 1189, 1236–37 (11th Cir. 2005), *cert. denied*, 547 U.S. 1085, 126 S.Ct. 1809 (2006) (citation omitted). The defendant must "demonstrate that a joint trial will result in 'specific and compelling prejudice' to the conduct of

his or her defense, [ ], resulting in 'fundamental unfairness.'" *Id.* at 1236 (citations omitted).

Analysis

Waters renews his motion to sever and also moves the court to sever certain counts against him. Waters is named in nine counts of the second superseding indictment. In Count Fourteen, Waters is indicted for conspiracy to violate the anti-kickback statute, 42 U.S.C. § 1320a-7b(b). In Counts Fifteen through Seventeen, Waters is indicted for violating the anti-kickback statute. In these counts, Waters is named with codefendants Jeff and Chris Vernon. In Counts Nineteen through Twenty-Three, Waters is indicted for bankruptcy fraud (doc. 256, second superseding indictment).

Waters argues that the counts alleging bankruptcy fraud should be severed for trial because none of the other co-defendants are charged with bankruptcy fraud, his co-defendants are not associated with the alleged bankruptcy fraud, and the forfeiture count in the second superseding indictment has no relationship to the bankruptcy fraud allegations. Waters also argues that he and the other defendants will be prejudiced because the jury must sift through the unrelated health care fraud evidence along with the bankruptcy fraud evidence and because allowing the continued joinder of offenses would confuse the jury.

The United States responds that Counts Nineteen through Twenty-Three are properly joined in the second superseding indictment because Waters failed to disclose information in his bankruptcy in an attempt to conceal the alleged violations of the anti-kickback statute. The United States also argues that Waters has not met his burden to show that he and the other defendants would be unduly prejudiced by the joinder of the bankruptcy fraud counts.

The Court finds that Waters has met his burden of demonstrating that he and the remaining defendants may be prejudiced by inclusion of the bankruptcy fraud counts in the

upcoming trial. The bankruptcy counts are not related to any other offense or defendant charged in this action. Although a cautionary instruction to the jury may mitigate any confusion of the jury or spill over prejudice resulting from trial of the bankruptcy counts with the anti-kickback, conspiracy, and health care fraud counts, the risk thereof weighs in favor of severance in this instance where only Waters is charged with bankruptcy fraud.

Continuance of trial as to the severed counts

Waters also moves the court to delay the trial of the severed counts until the March 2012 criminal trial term on basis that defense counsel needs adequate time to prepare for the two trials. At present, Waters is set for jury selection on January 3, 2011 and trial to begin on January 30, 2012, as to the remaining four counts against him in this action. This trial involves eight codefendants and eighteen counts including the four remaining counts against Waters and is expected to last approximately two weeks. Because counsel needs additional time to prepare for two trials, the Court finds that the ends of justice served by allowing a continuance outweighs the best interest of the public and the defendant in a speedy trial. For purpose of the Speedy trial Act, any delay resulting from this trial setting is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A); *see also* 18 U.S.C. § 3161(h)(7)(B)(iv) (requiring consideration of whether failure to grant a continuance "would deny counsel for defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.") As previously stated, defendant Waters shall file a speedy trial waiver on or before December 29, 2011.

**DONE** and **ORDERED** this the 23rd day of December, 2011.

                                                 **/s/ Kristi K. DuBose**
                                                 **KRISTI K. DuBOSE**
                                                 **UNITED STATES DISTRICT JUDGE**