**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 11-00012-KD** |
| | ) | |
| **BUTCH BRILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on the motion for release pending appeal filed by Butch

Brill and the response in opposition filed by the United States (docs. 651, 674).  Upon

consideration and for the reasons set forth herein, the motion (doc. 651) is **DENIED.**

Brill was convicted of one count of conspiracy to commit health care fraud and sentenced

to a term of fifteen months (doc. 644).  Brill appealed his conviction and sentence.  Brill now

argues that he should be released pending appeal because, inter alia, his appeal raises a

substantial question of law or fact (doc. 651).  Brill argues that his post-trial motion for judgment

of acquittal demonstrates that he has "substantial issues" to present on appeal (doc. 555).

The United States responds that Brill does not identify the substantial question of law or

fact that he plans to raise on appeal but instead relies on the generic assertion of "substantial

issues" by reference to his motion for judgment of acquittal. The United States argues that Brill

raised insufficiency of the evidence in his motion but that would not establish a substantial

question on appeal which could warrant release pending appeal.

Brill moved the Court for a judgment of acquittal on basis that there was not sufficient

evidence that he knowingly and willfully entered into an agreement, *i.e.*, conspired, to commit

health care fraud.  Assuming that this is the issue he raises on appeal, sufficiency of the evidence

claims generally do not establish a substantial question of law or fact such that Brill should be

released pending appeal. *See United States v. Siegelman* 2008 WL 45531, 9 (M.D. Ala. Jan. 2,

2008); *see also United States v. Greenough*, 609 F.Supp. 1090, 1094 n. 1 (S.D. Ala. 1985) ("The

defendant's directed verdict claim, or a claim or insufficiency of the evidence, should not, in this

Court's opinion, normally be considered a 'substantial' question under the Bail Reform Act.  If

that were the case, then any time a defendant moved for a directed verdict or stated that he would

raise a sufficiency question on appeal, he would be entitled to bail. This Court is of the opinion

that he would have to establish a 'substantial' question by clearly showing the lack of evidence

on an element of the offense, or some similar fault with the Government's case in chief.").  Brill

has not met his burden of showing by clear and convincing evidence that he is entitled to release.

18 U.S.C. § 3143(b).[1]   Therefore, his motion is denied.

> **DONE** and **ORDERED** this the 23rd day of July, 2012.


> **/s/ Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[1]  Pursuant to 18 U.S.C. § 3143(b), the Court shall grant a motion for release pending appeal if a convicted defendant shows – by clear and convincing evidence – that: 1) he is not likely to flee or pose a danger to the safety of any other person or the community if released; 2) the appeal is not taken for the purpose of delay and raises a substantial question 2 of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. See 18 U.S.C. § 3143(b). The burden of establishing each of these factors rests with the convicted defendant. *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).